Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 267 | **DATE** | March 2, 2004 |
| **CASE TITLE** | Morgenstern v. Cook County Sheriff's Officers, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendants' motion for summary judgment [16-1] is granted in part and denied in part. Summary judgment is entered in favor of the defendants and against the plaintiff on the state law claims, Counts II and III, for the reasons asserted in defendants' motion. Summary judgment is denied as to all three defendants on Count I. ENTER MEMORANDUM OPINION.

(11) x [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| X | Notices MAILED by judge's staff. | | | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to _____ | | date mailed notice | |
| KAM | courtroom deputy's initials | Date/time received in central Clerk's Office | KAM mailing deputy initials | |

(Reserved for use by the Court)

01-267.001                                                    March 2, 2004

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

JACOB MICHAEL MORGENSTERN,      )
                                )
            Plaintiff,          )
                                )
    v.                          )   No. 01 C 0267
                                )
COOK COUNTY SHERIFF'S OFFICERS  )
MEGROMIS, STAR NO. 3355, O'CONNOR, )
STAR NO. 4422, and DICARO, STAR )
NO. 1922,                       )
                                )
            Defendants.         )

DOCKETED
MAR 0 3 2004

## MEMORANDUM OPINION

The defendants have moved for summary judgment on all three counts of the complaint. Count I is a Fourth Amendment excessive force claim and Counts II and III are state law claims. Plaintiff has withdrawn his opposition to the motion as far as the state law claims are concerned, and, accordingly, summary judgment will be entered in favor of the defendants and against the plaintiff on the state law claims, for the reasons asserted in defendants' motion. (Statute of Limitations and immunity.)

The situation is different as to Count I. Although defendants argue to the contrary, there is clearly a genuine issue as to whether the defendants O'Connor and Megromis used excessive force in arresting the plaintiff. Defendants simply ignore the testimony of the plaintiff himself, who testified unequivocally that he did

not resist arrest and that the defendant O'Connor threw him to the floor and held him there by putting his knee into the plaintiff's back, causing him considerable pain. Handcuffs were then applied to plaintiff's wrists by defendants O'Connor and Megromis so tightly that plaintiff was caused further pain, and his complaints about the pain were ignored. This is sufficient evidence to create a genuine issue as to whether the defendants O'Connor and Megromis used excessive force.

As for the defendant DiCaro, there is no evidence that he participated in the initial physical contact with plaintiff or that he helped to handcuff him. However, according to both plaintiff and Chicago police officer Malinowski, Deputy DiCaro was present during the incident and was present at the time defendant was handcuffed. (Plaintiff's Deposition of September 4, 2002, at 64; Malinowski Deposition at 44.) Therefore, there is a genuine issue of fact as to whether the defendant DiCaro heard the plaintiff complain of the tightness of the handcuffs and failed to intervene. Accordingly, we must deny DiCaro's motion for summary judgment as well. See Herzog v. Village of Winnetka, 309 F.3d 1041, 1043 (7th Cir. 2002) (tight handcuffs); Yang v. Hardin, 37 F.3d 282, 285 (7th Cir. 1994) (failure to intervene).

DATED:    March 2, 2004

ENTER:    _____
          John F. Grady, United States District Judge